IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PAUL MICHAEL PATE | § | |
| v. | § | CIVIL ACTION NO. 6:14cv684 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Paul Pate, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Pate was convicted in a bench trial of possession of methamphetamine, receiving a sentence of seven years in prison. In his federal habeas petition, Pate contended that the evidence was insufficient to support a conviction, the charges were false and amounted to misstatements of law, the arresting officer, Sgt. Shawn Murry, unlawfully searched and detained Pate, the State failed to prove that Pate possessed the drugs or to disprove that Officer Murry had planted the drugs, Sgt. Murry has a history of harassing Pate and could have planted the drugs, and Pate received ineffective assistance of counsel on appeal when his appellate attorney, Austin Jackson, failed to challenge the denial of the motion to suppress.

The magistrate judge ordered the Respondent to answer Pate's petition and received copies of the state court records. After review of these records and the pleadings in the case, the magistrate

judge issued a report recommending that the petition for habeas corpus relief be denied. In response, Pate filed two sets of objections as well as a "statement of proof of ineffective assistance of counsel."

In his first set of objections, Pate contends that there was no physical evidence he possessed the methamphetamine, the law requires that defendants be proven guilty "beyond the shadow of a doubt" and the State did not meet this burden, and his claim of unlawful search and detention was procedurally barred because his appellate counsel was ineffective and failed to raise it on direct appeal. These objections lack merit; the evidence was sufficient, albeit circumstantial, to support the finding of guilt and Pate cannot raise a Fourth Amendment claim in a federal habeas proceeding where he had a full and fair opportunity to litigate this claim in state court. Stone v. Powell, 428 U.S. 465, 494, 96 S.Ct. 3037, 3053 (1976).

In his second set of objections, Pate again argues that the evidence was insufficient to support the conviction, his conviction would have been reversed had his claim of unlawful search and detention been raised on direct appeal, and the drugs were found in a public alleyway and no jury could have found him guilty beyond a shadow of a doubt. These objections likewise lack merit; Pate has offered nothing to suggest that his conviction would have been reversed on direct appeal had his claim of unlawful search and detention been raised on direct appeal. He has also failed to show that when viewed in the light most favorable to the verdict, no rational trier of fact could have found him guilty beyond a reasonable doubt. *See* Parker v. Matthews, 132 S.Ct. 2148, 2152 (2012).

In his "statement of proof of ineffective assistance of counsel," Pate says that Jackson made a number of "false statements" in his appellate brief, including stating that Sgt. Murry asked for his driver's license and ran a warrant check and that Pate was nervous and fumbling. However, these statements were supported by sworn testimony in the record. Although Pate says that "all of these false statements can be verified," he points to nothing in the record showing that the statements were false. In addition, Pate complains that Jackson stated the original trial sentencing was pronounced on March 9, 2013. The record shows that the sentence was actually pronounced on April 9, 2013. While the date given in the appellate brief was undoubtedly incorrect, Pate has failed to show that

the mis-statement of the date of sentencing made any difference to the outcome of his appeal, nor that it demonstrates such ineffective assistance of counsel as to justify federal habeas corpus relief. Moreno v. Dretke, 450 F.3d 158, 168 (5th Cir. 2006). This is particularly true in light of the fact that Pate's claim of ineffective assistance of counsel on appeal is procedurally barred because he did not raise it in his state habeas corpus proceeding. *See* Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995).

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (ECF TXED 6:14-cv-684, 16) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Paul Pate is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are **DENIED.**

**It is SO ORDERED.**

**SIGNED this 9th day of June, 2015.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE